IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| ANGELENA V. PALMER | * | |
| PLAINTIFF | * | CIVIL ACTION FILE NO. |
| v. | * | 4-14-cv-248 (CDL) |
| LEGACY AUTOMOTIVE | * | Jury Trial Demanded |
| OF COLUMBUS, LLC, LEGACY | | |
| CHEVROLET, INC. and | * | |
| EMANUEL D. JONES, individually | | |
| | * | |
| DEFENDANTS | | |

## **COMPLAINT**

### INTRODUCTION

COMES NOW Plaintiff in the above styled matter and files this Complaint

for damages, and in support of this Complaint shows the Court as follows, to wit:

### SUMMARY OF ACTION

### 1.

This is an action for damages against Defendants arising under the Fair

Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA").

### JURISDICTION

### 2.

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 in

that it involves a Federal question arising under the laws of the United States.

PARTIES

3.

Plaintiff in this case is an adult female citizen of the United States and the State of Georgia.

4.

Corporate Defendants in this case are DOMESTIC corporations. Both have their registered offices located at P. O. Box 248, McDonough, Georgia 30252. Defendants maintain a place of business at 3615 Manchester Expressway, in Columbus, Muscogee County, Georgia, where most, if not all of the events relevant to the instant action occurred. Both Corporate Defendants may be served with process at the office of their registered agent for service of process: LEGACY AUTOMOTIVE OF COLUMBUS, LLC and LEGACY CHEVROLET, INC. c/o Registered Agent,  Michael H. Shuster, 1050 Crown Pointe Parkway, Suite 410, Atlanta, Georgia 30338.

5.

Defendant Emanuel D. Jones, may be personally served at the Columbus, Georgia location of Legacy Chevrolet, Inc./Legacy Automotive of Columbus, LLC at 3615 Manchester Expressway, Columbus, Georgia  31904.

VENUE

6.

Venue in this case is proper under 28 U.S.C. § 1391(b) in that Corporate Defendants maintain plant facilities in this judicial district and/or a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

ADMINISTRATIVE REQUIREMENTS

7.

Because this is an action for unpaid wages and overtime under the FLSA, there are no administrative requirements to exhaust before the filing of the instant action.

FACTS

8.

Plaintiff was employed by Defendants in a non-exempt position, and was paid at the regular hourly rate of $14.50 for all non-overtime hours from the relevant actionable period in 2011 until March of 2013.  In April 2013, Plaintiff received a wage increase such that all non-overtime hours worked from July, 2013 until her termination were compensated at a rate of $16.00 per hour.

9.

Based on Plaintiff's regular hourly rate, her overtime rate from 2011 until March 2013, at time and a half, was $21.75; this is because Plaintiff's half time premium rate for that period was $7.25.  Plaintiff's overtime rate from April, 2013 until her termination, at time and a half, was $24.00 per hour.

10.

Defendants did not pay Plaintiff the lawful rate of one and one half times her regular rate for all the overtime hours that she worked, and Plaintiff worked an average of 18 to 25 hours per week extra due to workload.

11.

Plaintiff also participated in car shows for which her time was not compensated at all; these car show hours were in addition to the overtime that she already worked during the periods they occurred.

12.

Defendants' action, in failing to pay the overtime premium to Plaintiff, was intentional and done with knowledge of its unlawfulness; therefore, Plaintiff seeks damages going back three years as allowed by the FLSA.

13.

Management was aware of Plaintiff's workload, and the accounting office was repeatedly informed by Brenda Lankford, the controller, that help was being

hired for the accounting office; however, nothing was done that actually managed to lower Plaintiff's workload, and it is that workload under which Plaintiff labored that contributed to the overtime hours.

14.

Plaintiff states and avers that the following represents, to the best of her knowledge information and belief, the standard overtime hours she worked for the months and years listed below.

15.

For the year 2011, Plaintiff had the following *non-car show overtime* for which she was not compensated:

| | |
|---|---|
| September 2011 | 81 hours overtime |
| October 2011 | 89 hours overtime |
| November 2011 | 91 hours overtime |
| December 2011 | 97 hours overtime |

Non-compensated, non-car show overtime in 2011: 358 hours.

16.

Defendants therefore owe Plaintiff for 358 hours of non-car show overtime premium for the actionable period in 2011 at the rate of $21.75/hr; this totals $7,786.50.

17.

For the year 2012, Plaintiff had the following *non-car show overtime* for which she was not compensated:

| | |
|---|---|
| January 2012 | 94 hours in overtime |
| February 2012 | 91 hours in overtime |
| March 2012 | 93 hours in overtime |
| April 2012 | 87 hours in overtime |
| May 2012 | 89 hours in overtime |
| June 2012 | 88 hours in overtime |
| July 2012 | 86 hours in overtime |
| August 2012 | 95 hours in overtime |
| September 2012 | 91 hours in overtime |
| October 2012 | 87 hours in overtime |
| November 2012 | 89 hours in overtime |
| December 2012 | 91 hours in overtime |

Non-compensated non-car show overtime in 2012: 1,081 hours.

18.

Defendants therefore owe Plaintiff for 1,081 hours of non-car show overtime premium for the actionable period in 2012 at the rate of $21.75/hr; this totals $23,511.75.

19.

For the year 2013, Plaintiff had the following *non-car show overtime* for which she was not compensated, and for which her regular rate was $14.50 per hour and her overtime rate was $21.75:

| | |
|---|---|
| January 2013 | 91 hours overtime |
| February 2013 | 93 hours overtime |

March 2013          97 hours overtime

Non-compensated non-car show 2013 overtime at $21.75 per hour: 281 hours.

20.

Defendants therefore owe Plaintiff for 281 hours of non-car show overtime premium for the actionable period of January through March in 2013 at the rate of $21.75/hr; this totals $6,111.75.

21.

For the remainder of 2013, Plaintiff had the following *non-car show overtime* for which she was not compensated, and for which her regular rate was $16.00 per hour and her overtime rate was $24.00:

April 2013          93 hours overtime
May 2013           93 hours overtime
June 2013          95 hours overtime
July 2013          87 hours overtime
August 2013        91 hours overtime
September 2013      94 hours overtime
October 2013       89 hours overtime
November 2013      96 hours overtime
December 2013      101 hours overtime

Non-compensated non-car show 2013 overtime at $24.00 per hour:  839 hours.

22.

Defendants therefore owe Plaintiff for 839 hours of overtime for the actionable period of April through December of 2013 at the rate of $24.00/hr; this totals $20,136.00.

23.

The total aggregate amount of unpaid non-car show overtime Defendants owe Plaintiff for the actionable period of the year 2013 at both the $21.75 rate and the $24.00 rate is $26,247.75.

24.

For the year 2014, Plaintiff had the following *non-car show overtime* for which she was not compensated, and for which her regular rate was $16.00 per hour and her overtime rate was $24.00:

| | |
|---|---|
| January 2014 | 91 hours in overtime |
| February 2014 | 97 hours in overtime |
| March 2014 | 96 hours in overtime |
| April 2014 | 98 hours in overtime |
| May 2014 | 77 hours in overtime |

Non-compensated non-car show 2014 overtime at $24.00 per hour:  459 hours.

25.

Defendants therefore owe Plaintiff for 459 hours of non-car show overtime for the actionable period in 2014 at the rate of $24.00/hr; this totals $11,016.00.

26.

In addition to the above hours of overtime which Plaintiff worked, and for which she was not paid overtime at the rate of time and half her normal rate, Plaintiff worked the following hours of overtime on various car shows, for which she likewise received no compensation, either regular rate of pay or time and a half:

For the year 2013, Plaintiff had the following:

At the $21.75 per hour overtime rate:

|  |  |
|---|---|
| January 2013 | worked 34 hours overtime on car shows |
| February 2013 | worked 37 hours overtime on car shows |
| March 2013 | worked 43 hours overtime on car shows |

2013 uncompensated car show overtime at $21.75 per hour: 114 hours.

At the $24.00 per hour overtime rate:

In addition, Plaintiff worked 44 hours overtime on car shows in April 2013, with no compensation.

27.

Defendants therefore owe Plaintiff for 114 hours of *uncompensated overtime for car shows* at the rate of $21.75/hr in the actionable period of 2013; this totals $2,479.50.

28.

Defendants therefore owe Plaintiff for 44 hours of *uncompensated overtime for car shows* at the rate of $24.00/hr. for the actionable period in 2013; this totals $1,056.00.

29.

The total aggregate amount of unpaid car show overtime Defendants owe Plaintiff for the actionable period of the year 2013 at both the $21.75 rate and the $24.00 rate is $3,535.50.

30.

For the year 2014, Plaintiff had the following:

| | |
|---|---|
| January 2014 | worked 43 hours overtime on car shows |
| February 2014 | worked 51 hours overtime on car shows |
| March 2014 | worked 47 hours overtime on car shows |
| April 2014 | worked 46 hours overtime on car shows |

2014 uncompensated car show overtime: 187 hours.

31.

Defendants therefore owe Plaintiff for 187 hours of uncompensated overtime for the actionable period in 2014 at the rate of $24.00/hr; this totals $4,488.00.

32.

Because Defendants' behavior in not paying the requisite overtime premium for the hours worked in excess of 40 hours per workweek was intentional, Plaintiff

is entitled to liquidated damages for the relevant period; liquidated damages being double the amount owed as per the statute under which recovery is sought.  These amounts are set out as follows:

33.

For the year 2011, the amount of unpaid *non-car show overtime* owed is $7,786.50; when liquidated damages are added, this amount doubles to become $15,573.00.

34.

For the year 2012, the amount of unpaid *non-car show overtime* owed is $23,511.75; when liquidated damages are added, this amount doubles to become $47,023.50.

35.

For the year 2013, the amount of unpaid *non-car show overtime* owed is $8,120.00; when liquidated damages are added, this amount doubles to become $16,240.00.

36.

For the year 2014, the amount of unpaid *non-car show overtime* owed is $26,247.75; when liquidated damages are added, this amount doubles to become $52,495.50.

37.

Because Defendants' behavior in not compensating Plaintiff for the overtime worked as a result of being involved with Defendants' car shows in excess of 40 hours per workweek was intentional; Plaintiff is entitled to liquidated damages for the relevant period; liquidated damages being double the amount owed as per the statute under which recovery is sought.  These amounts are set out as follows:

38.

For the year 2013, the amount of *uncompensated overtime related to car shows* is $3,535.50; when liquidated damages are added, this amount doubles to become $7,071.00.

39.

For the year 2014, the amount of *uncompensated overtime related to car shows* is $4,488; when liquidated damages are added, this amount doubles to become $8,976.00.

40.

When the amounts owed to Plaintiff by Defendants are aggregated without liquidated damages being added to the total, the following totals are had:

Three years, from September, 2011 through May, 2014, of unpaid overtime premiums:

$ 73,689.50

When liquidated damages are assessed under the FLSA, this amount becomes $147,379.00.

41.

Two years, from September, 2012 through May, 2014, of aggregate unpaid overtime at all rates:

$50,177.75

When liquidated damages are assessed under the FLSA, this amount becomes $100,355.50.

42.

The unpaid overtime, assessed for three years due to Defendants' mendacity, comes to a total of $73,689.50; when liquidated damages under the FLSA are assessed the total becomes $147,379.00.

43.

The unpaid overtime premiums, calculated for two years in the event that the Court should find Defendants' mendacity does not rise to a level sufficient to warrant the three year period allowable under the statute, comes to a total of $50,177.75; when liquidated damages under the FLSA are assessed the total becomes $100,355.50.

44.

Plaintiff was placed on administrative leave at 5:30 pm on May 9, 2014. She learned that her employment with Defendants was terminated on May 17, 2014, at a 6:30 pm dinner, and since that time Defendants have made no effort or offer to compensate Plaintiff for the unpaid wages now due and owing as set out hereinabove.

45.

Furthermore, even though placed on administrative leave on May 9, 2014, Plaintiff worked 8 hours of a car show for Defendants on May 10, 2014, and was not compensated at all, either regular time or overtime, for the 8 hours she worked. Should it be ascertained that those uncompensated hours were regular hours, then Defendants would owe her an additional (8 hours x $16 per hour=) $128.00 for that time; liquidated, this would amount to $256.00.  Should it be ascertained that those uncompensated hours were overtime hours, then Defendants would owe her an additional (8 hours x $24 per hour =) $192 for that time; liquidated, this would amount to $384.00.

THEORIES OF RECOVERY

Count I

The Fair Labor Standards Act of 1938, as amended.
29 U.S.C. §§ 201, et seq. ("FLSA")

46.

Plaintiff incorporates by reference the allegations contained in the above paragraphs as if fully stated herein.

47.

Defendants' actions as set out above constitute an actionable violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA").

48.

As a result of Defendants' actionable conduct Plaintiff is entitled to damages - general, compensatory, and liquidated - in an amount to be proven at trial and awarded according to the enlightened conscience of a jury.

49.

Plaintiff is also entitled to an award of litigation expenses and attorney's fees according to relevant law.

Count II

Attorney's Fees and Expenses

50.

Plaintiff incorporates by reference the allegations contained in the above paragraphs as if fully stated herein.

51.

Plaintiff is entitled to the costs and expenses associated with bringing and prosecuting this action, to include attorney's fees, pursuant to applicable law as contained within, and applicable to, the statutory causes of action contained herein above.

PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully prays as follows:

a)     that Summons issue and Defendants be served as by law provided;

b)     that Plaintiff  be awarded judgment in her favor with respect to all contentions in her Complaint;

c)     that Plaintiff be awarded actual and liquidated damages as proven at trial;

d)     that Plaintiff be awarded compensatory damages for mental and emotional suffering in an amount to be determined by the enlightened conscience of an impartial jury;

e)     that Plaintiff be awarded reasonable attorney's fees and expenses of

litigation;

f)      that all issues triable by jury be tried by a jury;

g)      that all costs of this action be taxed to Defendants; and

h)      for such other and further relief as unto this Court may seem just and

equitable in the premises.

This 19th day of September, 2014.

                                        /S/John W. Roper
                                        John W. Roper

The Roper Law Firm
5353 Veterans Parkway, Suite D
Columbus, Georgia 31904
(706) 596-5353
johnroper@roperlaw.com
Georgia Bar No:  614159

## VERIFICATION

**PERSONALLY APPEARED** before the undersigned officer authorized to administer oaths in and for said County and State, the undersigned party litigant, who being duly sworn and put to oath, does depose and say that the allegations made in the above foregoing pleading are true and correct to the best of the party's knowledge and belief.

This 19th day of _September_ 20 _14_.

_Angelena Palmer_
**ANGELENA PALMER**

Sworn to and subscribed before me
this 19 day of _September_ 20 _14_.

_Jansey D. Kopen_
**Notary Public, State of Georgia**
My commission expires: _2-11-2018_