UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| ANGELENA PALMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 4:14-cv-00248-CDL |
| | ) |
| LEGACY AUTOMOTIVE OF | ) |
| COLUMBUS, LLC, and | ) |
| EMANUEL D. JONES, | ) |
| individually, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' TRIAL BRIEF ON OVERTIME ALLEGATIONS
UNDER THE FEDERAL LABOR STANDARDS ACT**

Defendants Legacy Automotive of Columbus, LLC ("Legacy") and Emanuel D. Jones (collectively "Defendants") submit this Trial Brief to address Plaintiff's allegations that she is owed pay for overtime work under the Federal Labor Standards Act ("FLSA").

I.   **Plaintiff's Overtime Wage Claim**

Under Section 207 of the FLSA, "an employer may not employ his employee for a workweek longer then forty hours unless his employee receives overtime compensation at a rate not less than one and a half times his regular rate." 29 U.S.C. § 207(a)(1); *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1314 (11th Cir. 2007). When a plaintiff brings a claim for an alleged failure to pay overtime, she must demonstrate that: (1) she worked overtime without compensation, and (2) the Defendant knew or should have known of the overtime work. *Jackson v. Corr. Corp. of Am.*, No. CV 311-111, 2014 U.S. Dist. LEXIS 17224, *28 (S.D. Ga. February 11, 2014), *aff'd* 606 Fed. Appx. 945 (11th Cir. 2015) (quoting *Allen*, 495 F.3d at 1314). The

plaintiff bears the burden of proving that she worked overtime without compensation. *Allen*, 495 F.3d at 1315 (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)).

> **A.    To prove that she worked unpaid overtime, *Plaintiff* must either rely on the employer's records or prove that those records cannot be trusted.**

A Plaintiff carries the burden of proving that she worked overtime hours for which she was not compensated via one of three scenarios. First, "in cases where the employer has kept proper and accurate records of its employees' hours, the plaintiff-employee may discharge his or her burden of proof simply by producing those records." *Stuart v. Resurgens Risk Mgmt., Inc.*, No. 1:11-CV-04251-RWS, 2013 U.S. Dist. LEXIS 82962, at *8 (N.D. Ga. June 12, 2013) (citing *Anderson*, 328 U.S. at 687)).

Alternatively, an employee may claim <u>and must show</u> either that her employer did not keep proper records, or that her employer's records cannot be trusted. *Jackson*, 2014 U.S. Dist. LEXIS 17224, **30-33. "[I]n situations where the employer's records cannot be trusted and the employee lacks documentation, 'an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated **and** if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *Allen*, 495 F.3d at 1316 (quoting *Anderson*, 328 U.S. at 687). (emphasis added).

In *Jackson*, the plaintiff attempted to prove that her employer owed her overtime pay under the FLSA. 2014 U.S. Dist. LEXIS 17224, **27-36. The plaintiff first claimed that her employer's records could not be trusted. *Id*. at *30. At summary judgment, the court analyzed whether the plaintiff had created a genuine issue of fact concerning the trustworthiness of the employer's records. *Id*. It found no evidence that the employer altered, manipulated, or destroyed the plaintiff's time records. *Id*. at *31. Rather, the evidence demonstrated that the defendant maintained a compensation policy that required employees to record the time worked each day

and it required payment for all hours worked by an employee. *Id*. at **31-32. Additionally, the plaintiff previously turned in time sheets showing that she had worked overtime and had been paid her overtime in full. *Id*. at 32. As a result, the plaintiff failed to demonstrate that a genuine issue of fact existed with respect to the trustworthiness of her employer's records. *Id*.

> **B.    Once a *Plaintiff* shows that the Defendant's records cannot be trusted, she must still prove the amount and extent of her overtime work.**

Only after a plaintiff has shown that her employer's records cannot be trusted is she entitled to present evidence of the amount and extent of overtime work. *Jackson*, 2014 U.S. Dist. LEXIS 17224, *30. Even then, she must produce "sufficient evidence to show that the amount and extent of that work as a matter of just and reasonable inference." *Allen*, 495 F.3d at 1316. Vague assertions about how many overtime hours were worked do not constitute "evidence from which can be drawn just and reasonable inferences about the nature or extent of that work." *Markov v. Golden Isles Cruise Lines, Inc.*, No. CV 215-018, 2016 U.S. Dist. LEXIS 36016, **32-33 (S.D. Ga. March 21, 2016) (quoting *Jackson*, 606 Fed. Appx. at 952).

In *Jackson*, the Southern District of Georgia examined whether, even if the plaintiff created a genuine issue of material fact as to whether that her employer's records could be trusted, she carried her burden to show the amount and extent of her alleged overtime work by just and reasonable inference. *Jackson*, 2014 U.S. Dist. LEXIS 17224, *35. The Court first pointed out that "Plaintiff's bald assertions that she worked between five and ten hours of overtime since April of 2008, in light of her near complete failure to log the time she worked overtime, are insufficient to create a genuine issue of material fact." *Id*. at *33 (citing *Patrick v. Bishop State Cmty. College*, 470 F. App'x 797, 799 (11th Cir. 2012)(finding that "[a]mere scintilla of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party.")). The Court further

noted that the plaintiff's affidavit and deposition testimony contained only "conflicting, nebulous approximations of the hours she worked." *Id*. at 35. In addition, the plaintiff's supervisors encouraged her to track and log her time accurately. *Id*. As a result, the court found that the plaintiff was unable to show as a matter of law that the amount of her alleged overtime work was supported by a just and reasonable inference. *Id*.

On appeal, the Eleventh Circuit Court of Appeals re-evaluated whether the plaintiff carried her burden of proof in establishing the overtime hours she worked, which were comprised of both "on the clock" hours at the facility where she worked and hours worked form home. *Jackson*, 606 Fed. Appx. 945, 947. In upholding the ruling of the district court, the Court of Appeals noted that the plaintiff never stated with any clarity or precision the number of hours she allegedly worked, the amount or nature of that work, or where or when the work was completed. *Id*. at 952. The plaintiff's assertions concerning her overtime pay were vague and contradictory and, as a result, were "not evidence from which can be drawn just and reasonable inferences about the nature or extent of that work." *Id*.

### C.     In order to prevail on her FLSA overtime claim, *Plaintiff* must also show that Defendants knew or should have known about the overtime work.

Even if Plaintiff can prove she worked overtime, she must also prove that Defendants knew or should have known that she worked those hours. An employee cannot prevail on an FLSA overtime claim if she failed to notify her employer or deliberately prevented her employer from acquiring knowledge of her overtime work. *Gaylord v. Miami-Dade Cnty.*, 78 F. Supp. 2d 1320, 1325 (S.D. Fla. 1999) (collecting cases); *see also Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995). An employer does not have knowledge of uncompensated overtime when an employee submits time sheets showing that such overtime did not occur. *Id.*

Further, when an employee fails to follow reasonable time-reporting procedures, she prevents the employer from knowing its obligation to compensate her and thwarts the employer's ability to comply with the FLSA. *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 876 (6th Cir. 2012) (holding that the employee's claim for overtime pay failed because the employer did not know or have reason to know about the overtime work). In such instances, an employee cannot establish that the employer had the required level of knowledge to state a successful overtime claim.

> **D.     No FLSA violation exists where the employee failed to notify the employer of overtime hours via an established overtime record-keeping system.**

If an employer establishes a reasonable process for an employee to report uncompensated work time, the employer is not liable for non-payment if the employee fails to follow the established process. *White*, 699 F.3d at 876. When an employee fails to follow reasonable time reporting procedures, she prevents her employer from knowing its obligation to compensate the employee and thwarts the employer's ability to comply with the FLSA. *Id*.

In *White*, the employee sought overtime pay from her employer; however, the employer had an established timekeeping system. *Id.* at 877. When the employee utilized the system to record her overtime, she was compensated. *Id.* When she failed to use the system, however, she was not compensated. *Id.* The *White* Court found that, without evidence that the employer prevented the employee from utilizing the established timekeeping systems to report her overtime work, the employee could not recover damages from the employer under the FLSA. *Id.*

Likewise, in *Brown v. ScriptPro, LLC*, an employee allegedly worked overtime hours at his home but failed to record any of his overtime in the employer's timekeeping system. 700 F.3d 1222, 1225, 1230-31 (10th Cir. 2012). The Tenth Circuit agreed with the district court's finding that the plaintiff produced uncontroverted evidence, supported by his own testimony, his wife's

testimony, and discussions between his supervisors, that he had actually worked overtime. *Id*. at 1230. **However,** because he failed to enter that time into the employer's timekeeping system, the employer's failure to pay that overtime did not violate the FLSA. *Id* at 1230-31.

> **E.  Even if Plaintiff proves all elements of her FLSA claim, her damages are limited.**

If Plaintiff carries her burden of proof with respect to her FLSA claims, she must still prove damages. At that time, Defendants are entitled to an offset of any extra compensation paid to Plaintiff over and above what she actually worked. *Kohlheim v. Glynn Co., Ga.*, 915 F.2d 1473, 1481 (11th Cir. 1990) (holding that defendant was allowed to set-off all previously paid overtime payments per the mandate in the FLSA that "extra" compensation paid by an employer be credited toward overtime compensation due). Further, any comp time paid by Defendants will offset their liability under the FLSA. *Lupien v. City of Marlborough*, 387 F.3d 83, 87-88 (1st Cir. 2004) (finding that the comp time paid to the employee offset defendant's liability under the FLSA).

In *Bray v. Dog Star Ranch*, the defendants argued that they were entitled to offset the underpayments made during weeks where plaintiffs worked overtime by overpayments made during weeks where plaintiffs worked less than forty hours, but were paid as though they worked forty hours. No. 1:08-cv-1005, 2010 U.S. Dist. LEXIS 21983, at *39 (W.D. Mich. March 10, 2010). The district court found that the plaintiffs were not entitled to a windfall, but were only entitled to damages for their unpaid overtime compensation. *Bray*, 2010 U.S. Dist. LEXIS 21983, at *47. As a result, the defendants were entitled to credit for any overpayments made to plaintiffs during their employment. *Id*.

**F.   Many of the alleged overtime activities allegedly performed by Plaintiff are not compensable under the FLSA.**

The United States Supreme Court has defined "work" under the FLSA as "physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business." *Tenn. Coal, Iron & R.R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 598 (1944); *see* also *IBP, Inc. v. Alvarez*, 546 U.S. 21, 25–30 (2005). Accordingly, not all activities an employee performs are necessarily compensable. *Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 45 (1st Cir. 2013) (citing *Pruell v. Caritas Christi*, 678 F.3d 10, 14 (1st Cir. 2012)). Only activities that are an "integral and indispensable part of the principal activities" are compensable. *IBP, Inc.*, 546 U.S. at 29–30.

As the United States Supreme Court has explained:

> An activity is therefore integral and indispensable to the principal activities that an employee is employed to perform if it is an intrinsic element of those activities and one with which the employee cannot dispense if he is to perform his principal activities.

*Integrity Staffing Solutions, Inc.*, 135 S. Ct. 513, 517 (2014).

The FLSA does not require employers to compensate employees for "activities that are 'preliminary to or postliminary to' the 'principal activity or activities' which an employee is engaged to perform, unless the employer is otherwise required to compensate her employees for such work by custom, contract, or practice." *Truslow v. Spotsylvania Cnty. Sheriff*, 783 F. Supp. 274, 277 (E.D. Va. 1992) (referencing 29 U.S.C. § 254(a)(2) and (b)). Preliminary or postliminary activities are those spent predominantly in the employee's own interests. *Truslow*, 783 F. Supp. at 278. These include any activities that are undertaken "for [the employee's] own convenience, not being required by the employer and not being necessary for the performance of [the employee's] duties for the employer." *Kellar v. Summit Seating, Inc.*, 664 F.3d 169, 175 (7th Cir. 2011) (citing *Dunlop v. City Electric, Inc.*, 527 F.2d 394, 398 (5th Cir. 1976)).

An activity must be controlled by the employer and be primarily for his benefit to be compensable under the FLSA. *Leone v. Mobil Oil Corp.*, 523 F.2d 1153, 1163 (D.C. Cir. 1975). In *Leone*, the plaintiffs filed an action under the FLSA to recover compensation for time spent accompanying OSHA inspectors around the employer's property. 523 F.2d at 1154-55. Although the court agreed that furthering industrial safety benefitted the employer, it also noted that the activity was not primarily for the employer's benefit. *Id*. at 1163. The court further remarked, "Many activities which may increase employee effectiveness and thus benefit the employer are not worktime activities under FLSA." *Id*. The court found it even more significant that the employees did not prove the element of employer control, stating "the element of employer control is crucial where time away from scheduled work assignments is not imposed by the employer and when its purpose is to accommodate employee interests." *Id*. Without proof of a direct benefit to the employer and employer control, the FLSA did not require compensation. *Id*. at 1163-64.

Plaintiff cannot recover overtime pay for activities that were not integral and indispensable to the activities she was employed to perform for Legacy. She is also not entitled to compensation for activities performed outside of work that were spent predominantly in her own interest and were not primarily for the employer's benefit. That is especially the case where the employer did not exercise control over these activities.

## II.  Conclusion

Plaintiff must carry her burden of proof with respect to her FLSA claim. She must show that she actually worked the hours she claimed. If Legacy's records are accurate and complete, she can prove this by simply producing these records. If Plaintiff contends that Legacy's records are not accurate or complete, she must put on evidence to establish that its records are untrustworthy. Only after she has shown this may she put on evidence of the nature and extent of

the overtime work she allegedly performed to establish the requisite reasonable inference. However, even then, she must still prove the second element of her FLSA claim by a preponderance of the evidence -- that Defendants knew, or should have known, about her overtime work. She cannot do this if she failed to comply with the timekeeping procedure Defendants had in place to keep track of all hours worked by employees.

Even if Plaintiff is able to prove her FLSA overtime claims, Defendants are entitled to offset all amounts paid via "comp time" to Plaintiff throughout her employment. Finally, Plaintiff may not recover for any alleged overtime that was not an integral and indispensable part of her duties for Legacy.

Respectfully submitted this 6th day of June, 2016.

>BAKER, DONELSON, BEARMAN
>CALDWELL & BERKOWITZ, P.C.
>
>*s/ David E. Gevertz*
>David Gevertz,
>GA Bar No. 292430
>Kathryn J. Hinton
>GA Bar. No. 542930
>3414 Peachtree Road NE
>Atlanta, Georgia 30326
>Telephone: (404) 577-6000
>dgevertz@bakerdonelson.com
>khinton@bakerdonelson.com
>
>**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of *Defendants' Trial Brief on Overtime Allegations under the Federal Labor Standards Act* has been served on opposing counsel by hand and by filing a copy of same with the Court's ECF system, which will automatically send notice to the following attorney of record:

John W. Roper, Esq.
The Roper Law Firm
5353 Veterans Parkway, Suite D
Columbus, Georgia 31904
*Attorney for Plaintiff*

On this 6th day of June, 2016.

*s/ David Gevertz*
David Gevertz, Esq.